Slip Op. 21-9

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| VENUS WIRE INDUSTRIES PVT. LTD., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>CARPENTER TECHNOLOGY CORPORATION, ET AL.,<br><br>Defendant-Intervenors. | Before: Mark A. Barnett, Judge<br>Court No. 18-00113 |
|---|---|

**OPINION AND ORDER**

[The U.S. Department of Commerce's second remand results concerning the changed circumstances review of the antidumping duty order on stainless steel bar from India are sustained.]

Dated: January 28, 2021

Eric C. Emerson and St. Lutheran M. Tillman, Steptoe & Johnson LLP, of Washington, DC, for Plaintiffs.

Kara M. Westercamp, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With her on the brief were Jeffrey B. Clark, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director. Of counsel on the brief was Hendricks Valenzuela, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Grace W. Kim and Laurence J. Lasoff, Kelley Drye & Warren LLP, of Washington, DC, for Defendant-Intervenors.

Barnett, Judge: This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") second redetermination upon court-ordered remand. *See* Confidential Results of Redetermination Pursuant to Court Remand ("2nd Remand Results"), ECF No. 75-1. Plaintiffs, Venus Wire Industries Pvt. Ltd. ("Venus Wire") and its affiliates Precision Metals ("Precision"), Sieves Manufacturers (India) Pvt. Ltd. ("Sieves"), and Hindustan Inox Ltd. ("Hindustan") (collectively, "Venus"), commenced this action challenging Commerce's final results in the changed circumstances review of the antidumping duty order on stainless steel bar from India. *See* Summons, ECF No. 1; Compl., ECF No. 9; *Stainless Steel Bar From India*, 83 Fed. Reg. 17,529 (Dep't Commerce Apr. 20, 2018) (final results of changed circumstances review and reinstatement of certain companies in the antidumping duty order) ("*Final Results*"), ECF No. 20-5, and accompanying Issues and Decision Mem., A-533-810 (Apr. 16, 2018), ECF No. 20-6.[1] Venus, an exporter and producer of the subject merchandise, contested Commerce's determinations (1) that Venus is not the producer of subject merchandise made from inputs purchased from unaffiliated suppliers that are covered by the scope of the underlying antidumping duty order; and (2) to use total facts otherwise available with an adverse inference (referred to as "total adverse facts

[1] The administrative record associated with the 2nd Remand Results is divided into a Public Record ("PR"), ECF No. 77-2, and a Confidential Record ("CR"), ECF No. 77-3. The Parties submitted a public joint appendix containing record documents cited in their comments. *See* Public J.A., ECF No. 87. Submission of the confidential joint appendix has been deferred pending resolution of issues with the court's electronic court filing system. While the court is able to resolve the challenges to the 2nd Remand Results without reference to the confidential joint appendix, Plaintiffs must nevertheless file such appendix within five business days of a court order resolving the method of such non-public filings in order to provide for a complete record in case of any further appeal.

available" or "total AFA") to determine Venus's rate. *See* Confidential [Venus's] Mem. of P&A in Supp. of Its Mot. For J. on the Agency R., ECF No. 33; Compl. ¶ 3. The court has issued two opinions addressing issues in this case; familiarity with those opinions is presumed. *See Venus Wire Indus. Pvt. Ltd. v. United States* ("*Venus I*"), 43 CIT ___, 424 F. Supp. 3d 1369 (2019); *Venus Wire Indus. Pvt. Ltd. v. United States* ("*Venus II*"), 44 CIT ___, 471 F. Supp. 3d 1289 (2020).

Briefly, on December 20, 2019, the court remanded Commerce's *Final Results* with respect to the agency's determination that Venus is not the producer of subject merchandise manufactured from in-scope inputs and deferred Venus's challenge to Commerce's use of total AFA. *See generally Venus I*, 424 F. Supp. 3d 1369. In the agency's first remand redetermination, Commerce provided additional explanation in support of its conclusion that Venus is not the producer of certain subject merchandise and made no changes to the *Final Results*. Results of Redetermination Pursuant to Court Remand at 3–11, 14–20, ECF No. 61-1. On August 14, 2020, the court sustained Commerce's redetermination as to the identity of the producer and remanded Commerce's use of total AFA for reconsideration. *See generally Venus II*, 471 F. Supp. 3d 1289.

Commerce filed its 2nd Remand Results on November 12, 2020. In the redetermination, Commerce provided additional support for its finding that Venus failed to act to the best of its ability to obtain cost information from its unaffiliated suppliers. *See* 2nd Remand Results at 4–9. Despite the inclusion of this additional reasoning,

Commerce, "under respectful protest,"[2] determined not to use total AFA to determine Venus's dumping margin.[3] *Id.* at 10. Instead, Commerce calculated an antidumping duty margin in the amount of 0.64 percent for Venus using:

> (1) Venus'[s] actual costs for the subject merchandise Venus produced from stainless steel wire rod; (2) the actual costs reported by Rajputana Stainless Ltd. (Rajputana), the sole unaffiliated supplier which provided its actual costs, for the subject merchandise Venus purchased from Rajputana; and (3) the acquisition cost Venus paid to the other unaffiliated suppliers as the non-adverse facts available on the record in place of those suppliers' actual costs for the subject merchandise Venus purchased from them.

*Id.*

Commerce rejected Venus's arguments that Commerce improperly collapsed Venus Wire, Precision, Sieves, and Hindustan "into a single entity and [improperly] calculated Venus'[s] margin by including the producer as part of the model-matching criteria for purposes of conducting the cost-of-production test." *Id.* at 11; *see also id.* at 11–13. Commerce also disagreed with Petitioners'[4] argument that the agency should continue to use total or partial AFA. *Id.* at 13–15.

Venus seeks to challenge, in part, Commerce's 2nd Remand Results. Confidential Pls.' Cmts. on the Second Remand Redetermination ("Venus's Opp'n

---

[2] By making the determination under protest, Commerce preserves its right to appeal. *See Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003).

[3] Commerce did not revisit its previous finding that Venus's "obfuscation of the fact that it purchased subject merchandise from its unaffiliated suppliers" presented an additional basis for using AFA. 2nd Remand Results at 10.

[4] Petitioners—Defendant-Intervenors in this case—consist of Carpenter Technology Corporation; Crucible Industries LLC; Electralloy, a Division of G.O. Carlson, Inc.; North American Stainless; Universal Stainless & Alloy Products, Inc.; and Valbruna Slater Stainless, Inc. *Id.* at 4 n.19.

Cmts."), ECF No. 81. While Venus agrees with Commerce's decision not to apply total AFA, *id.* at 2–3, Venus challenges Commerce's method of calculating its dumping margin, *id.* at 3–5.

Defendant-Intervenors object to Commerce's determination not to use total AFA. Confidential Def.-Ints.' Cmts. in Opp'n to Remand Redetermination ("Def.-Ints.' Opp'n Cmts."), ECF No. 79. Defendant-Intervenors support Commerce's margin calculation methodology. Def.-Ints.' Resp. to Cmts. on the Second Remand Redetermination ("Def.-Ints.' Supp. Cmts."), ECF No. 84.

Defendant United States ("the Government") urges the court to sustain the 2nd Remand Results. Def.'s Resp. to Cmts. on the Second Remand Redetermination ("Def.'s Supp. Cmts."), ECF No. 83.[5]

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018),[6] and 28 U.S.C. § 1581(c).

The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed for compliance

[5] The court references the public version of the Government's comments. The redacted information is immaterial to the court's disposition of the Parties' challenges to the 2nd Remand Results. Nevertheless, as discussed *supra*, note 1, the Government must file the confidential version of its comments within five business days of a court order resolving the method of such non-public filings.

[6] All further citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, and all references to the U.S. Code are to the 2018 edition.

with the court's remand order." *SolarWorld Ams., Inc. v. United States*, 41 CIT ___, ___, 273 F. Supp. 3d 1314, 1317 (2017) (citation omitted).

## DISCUSSION

Venus argues that Commerce's inclusion of the identity of the manufacturer as part of the agency's model-match criteria for purposes of conducting the cost-of-production test was arbitrary given its inconsistency with Commerce's approach in the subsequent 2017–2018 administrative review of the underlying order. Venus's Opp'n Cmts. at 3–5. Venus's argument lacks merit.

As Commerce explained, the term "foreign like product" is statutorily defined in reference to the producer. *See* 2nd Remand Results at 12 (citing 19 U.S.C. § 1677(16)). Specifically, foreign like product is defined, *inter alia*, as merchandise that is "produced in the same country and *by the same person*" as the subject merchandise. 19 U.S.C. § 1677(16) (emphasis added). Commerce therefore matches sales by manufacturer when "compar[ing] prices of U.S. sales of subject merchandise to the prices of sales of the foreign like product." 2nd Remand Results at 12. Accordingly, irrespective of Commerce's methodology in the subsequent review, Commerce's decision in this proceeding to account for the identity of the manufacturer when conducting the cost-of-production test complies with the statute.

Commerce also explained that the agency has a "long-standing practice" of using manufacturer codes as part of its model-match criteria. *Id.* at 12 & n.52 (collecting agency determinations). Indeed, Commerce's methodology in the 2nd Remand Results comports with the methodology Commerce used for the final results of the 2018–2019

administrative review of the underlying order. *See* Issues and Decision Mem. for the Final Results of the Admin. Review of the Antidumping Duty Stainless Steel Bar from India, A-533-810 (Nov. 18, 2020) at 49–50, *available at* https://enforcement.trade.gov/frn/summary/india/2020-25942-1.pdf (last visited Jan. 28, 2021). Venus does not dispute the existence of this practice but instead focuses on Commerce's methodology for the final results of the 2017–2018 administrative review. *See* Venus's Opp'n Cmts. at 4–5. However, as the Government and Defendant-Intervenors point out, the court granted Commerce's request for a remand to reconsider certain aspects of that determination. Def.'s Supp. Cmts. at 12; Def.-Ints.' Supp. Cmts. at 2. In its redetermination, Commerce aligned its margin calculation methodology with its long-standing practice. *See Carpenter Tech. Corp., et al. v. United States, et al.*, Court No. 19-cv-00200 (CIT Jan. 28, 2021), ECF No. 34-1 (Results of Redetermination Pursuant to Court Remand) at 10–11. Because Commerce's methodology in the 2nd Remand Results is in accordance with law, the court sees no reason to disturb Commerce's redetermination.

Defendant-Intervenors argue that Commerce erred in reversing its decision to use total AFA. *See* Def.-Ints.' Opp'n Cmts. at 2–15. However, during a telephone conference with the Parties, Defendant-Intervenors conceded that this issue is moot in the event the court sustains Commerce's calculation methodology. *See* Docket Entry (Jan. 15, 2021), ECF No. 86. As discussed above, the court will sustain Commerce with respect to its model-match methodology and, as a result, Commerce has calculated an above-*de minimis* margin of 0.64 percent. *See* 2nd Remand Results at

10. Because Commerce's calculation is above *de minimis*, Venus will remain reinstated in the underlying order. *See id.* at 15. The rate calculated in these remand results will not be the basis of any assessment of antidumping duties; instead, the assessment of antidumping duties will occur on the basis of the results of the subsequent administrative reviews. *See id.* Consequently, Defendant-Intervenors' argument for the use of total AFA is moot and will not be further addressed.

**CONCLUSION AND ORDER**

In accordance with the foregoing, Commerce's 2nd Remand Results will be sustained. Notwithstanding the court's entry of Judgment, as discussed *supra*, notes 1 and 5, Plaintiffs are **ORDERED** to file the confidential joint appendix, and the Government is **ORDERED** to file the confidential version of its comments, within five business days of a court order resolving the method of making such non-public filings with the court. Judgment will enter accordingly.

/s/ Mark A. Barnett
Mark A. Barnett, Judge

Dated: January 28, 2021
New York, New York